IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KEITH BRIAN CRUITT, # 118040, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:13cv812-WHA |
| ) | (WO) |
| STATE OF ALABAMA, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Keith Brian Cruitt ("Cruitt") is before this court on his *pro se* petition styled as an "11th Hour Petition for a Writ of Habeas Corpus." Doc. No. 1.

Cruitt is an inmate at the Limestone Correctional Facility in Harvest, Alabama, and thus appears to be in custody pursuant to a judgment of an Alabama state court. His petition, filed on or around October 25, 2013, sets forth a discursive narrative of events leading to – and apparently related to – his filing of the instant action.

Because it appeared that at least part of the relief sought by Cruitt through his petition might be release from imprisonment (and because Cruitt called his petition a Petition for a Writ of Habeas Corpus), the Magistrate Judge entered an order on November 6, 2013, directing him to re-plead his petition – using the form for filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 – in a way that allowed this court to determine which state court judgment, if any, he was challenging. Doc. No. 3.

Instead of re-pleading his claims using a § 2254 form, Cruitt filed a document on

November 20, 2013, styled "Memorandum/Complaint/Notice of Appeal." Doc. No. 5. The district court treated the Notice of Appeal aspect of this document as an objection to the Magistrate Judge's order of November 6, 2013, and overruled the objection pursuant to Fed. R. Civ. P. 72(a). Doc. No. 6. The district court left to the Magistrate Judge the determination of whether other aspects of the document filed by Cruitt complied with the order of November 6, 2013. *Id*.

After careful consideration of Cruitt's petition (Doc. No. 1) and the document that he filed in this court on November 20, 2013 (Doc. No. 5), the court is satisfied that the essence of Cruitt's grievance is that he is being denied access to the courts as a result of the confiscation of his legal documents and materials by officials with the Alabama Department of Corrections ("ADOC"). Cruitt apparently intends to use such materials in the pursuit of various civil actions and in challenges to pending criminal cases and/or convictions in the courts of Alabama and Florida. He suggests that the confiscation of his legal materials by ADOC officials is prejudicing his position as a litigant.

The proper vehicle for a state prisoner to assert a claim of "denial of access to the courts" that results from actions of prison officials is a civil rights action pursuant to 42 U.S.C. § 1983, not a habeas corpus action. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Al-Amin v. Smith*, 511 F.3d 1317 (11th Cir. 2008); *Wilson v. Blankenship*, 163 F.3d 1284, 1290-91 (11th Cir. 1998). Cruitt's denial-of-access claims should be raised in a civil rights

complaint pursuant to 42 U.S.C. § 1983.[1]  "The central purpose of the writ of habeas corpus, whether filed under [28 U.S.C.] § 2241 or § 2254, is to provide a remedy to prisoners who are challenging the 'fact or duration' of their physical confinement and are seeking immediate release or an earlier release." *Black v. McDonnell*, No. 2:04cv23-MHT, 2006 WL 1180795, at *1 (M.D. Ala. May 2, 2006) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).  Because Cruitt asserts claims that are not amenable to federal habeas review and are properly presented in a § 1983 action, his habeas petition should be dismissed.[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Cruitt's "11th Hour Petition for a Writ of Habeas Corpus" (Doc. No. 1) be DISMISSED without prejudice.

It is further

---

[1] Cruitt is advised that a civil rights action pursuant to 42 U.S.C. § 1983 must be filed in the federal district court for the jurisdiction where the allegedly unconstitutional actions occurred and must not combine into a single lawsuit unrelated claims against different defendants whose actions took place at institutions located in different federal jurisdictions.

[2] Cruitt also suggests, among other things, that this court's authority to remedy the confiscation of his legal materials arises under 28 U.S.C. § 1651, the All Writs Act.  However, the All Writs Act empowers federal courts only to act to preserve their jurisdiction in an ongoing proceeding, which jurisdiction must have an independent source in the law.  *Jackson v. Vasquez*, 1 F.3d 885, 888-89 (9th Cir. 1993).  Thus, the All Writs Act cannot be used as a substitute for 42 U.S.C. § 1983.  Further, the All Writs Act cannot be used to evade the ordinary requirements for seeking and obtaining injunctive relief.  *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1229 (11th Cir. 2005).

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **December 20, 2013**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 6th day of December, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE