IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KEITH BRIAN CRUITT, #118040, | ) |
| Petitioner, | ) ) ) |
| vs. | ) CASE NO. 2:13cv-812-WHA |
| STATE OF ALABAMA, et al., | ) ) (WO) |
| Respondents. | ) ) |

## **ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #7) and the Petitioner's Objections (Doc. #12), filed on January 13, 2014.

Following an independent evaluation and *de novo* review of the file in this case, the court finds Petitioner Keith Brian Cruitt's objections to be without merit, and they are hereby OVERRULED.

Cruitt filed a complaint in this court that he styled as an "11th Hour Petition for a Writ of Habeas Corpus." (Doc. #1). The essence of Cruitt's grievance, as set forth in that complaint, is that he is being denied access to the courts as a result of the confiscation of his legal documents and materials by officials with the Alabama Department of Corrections ("ADOC"). Cruitt says he intends to use such materials in the pursuit of various civil actions and in challenges to pending criminal cases and/or convictions in the courts of Alabama and Florida.

As noted in the Magistrate Judge's Recommendation, the proper vehicle for a state prisoner to assert a claim of "denial of access to the courts" that results from actions of prison officials is a civil rights action pursuant to 42 U.S.C. § 1983, not a habeas corpus action. See

*Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Al-Amin v. Smith*, 511 F.3d 1317 (11th Cir. 2008); *Wilson v. Blankenship*, 163 F.3d 1284, 1290-91 (11th Cir. 1998).  Therefore, Cruitt was advised that his denial-of-access claims should be raised in a civil rights complaint pursuant to 42 U.S.C. § 1983.  Because Cruitt asserted claims that are not amenable to federal habeas review and are properly presented in a § 1983 action, the Magistrate Judge recommended that his "habeas" petition should be dismissed.

Cruitt has filed objections that essentially ignore the case law holding that denial-of-access claims are properly asserted in civil rights -- not habeas -- actions.  He goes on at length about how the writ of habeas corpus should extend to claims of his sort.  His arguments, however, are contrary to controlling law.

Therefore, the court ADOPTS the Recommendation of the Magistrate Judge, and Cruitt's "11th Hour Petition for a Writ of Habeas Corpus" is DISMISSED without prejudice.

DONE this 5th day of February, 2014.

/s/ W. Harold Albritton  
W. HAROLD ALBRITTON  
SENIOR UNITED STATES DISTRICT JUDGE