IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KEITH BRIAN CRUITT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:13cv812-WHA |
| | ) (WO) |
| STATE OF ALABAMA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is before the court on an amended complaint under 42 U.S.C. § 1983 (*Doc. 8*), in which plaintiff Keith Brian Cruitt ("Cruitt") alleges he was denied access to the courts when employees of the Alabama Department of Corrections ("ADOC") confiscated his legal materials. After reviewing Cruitt's amended complaint, the court determined that Cruitt should file an amendment and issued orders containing detailed instructions regarding filing the amendment. *See Order of November 30, 2016 – Doc. 61*; *Order of June 3, 2016 - Doc. 46*. The court granted Cruitt an extension to an including January 16, 2017, to file an amendment in compliance with the directives in its order and advised him that no further extensions of time beyond January 16, 2017, would be granted to allow him to file an amendment. *Order of November 30, 2016 – Doc. 61* at 1. In addition, the court cautioned Cruitt that his failure to comply with the directives of its order would result in a Recommendation that this case be dismissed. *Id*. at 3.

The time allowed Cruitt to file the amendment expired on January 16, 2017. As of the current date, Cruitt has failed to file the amendment as required by the court. In light of Cruitt's failure to file the necessary amendment, the court concludes that this case should be dismissed. *Tanner v. Neal,* 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without

prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Cruitt's failure to file an amendment as directed by the order of this court. It is further

ORDERED that the parties shall file any objections to this Recommendation or before February 20, 2017.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 6th day of February, 2017.

    /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE